■ MARK S. GOLDBERG, Individually and as a Shareholder of LEE DAN COMMUNICATIONS, INC., Appellant, v LEON GOLDBERG et al., Respondents.—In an action, *inter alia,* to recover damages for breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme

Court, Suffolk County (Cannavo, J.), dated May 11, 1987, as, upon treating the defendants' motion to dismiss the complaint as one for summary judgment, granted the motion to the extent of dismissing the first two causes of action.

Ordered that the order is modified by deleting the decretal paragraph thereof granting the defendants' motion to the extent of dismissing the first two causes of action and substituting therefor a provision granting the defendants' motion to the extent of dismissing the second cause of action and denying that branch of the motion seeking to dismiss the first cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action involves a close corporation in which all the parties are related. The plaintiff is a minority shareholder and the defendants are majority shareholders. The Supreme Court converted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) into one for summary judgment and granted the defendants summary judgment dismissing both the first and second causes of action. We disagree with regard to the dismissal of the first cause of action.

In the first cause of action the plaintiff contends that the defendants violated their fiduciary duty to him when they issued stock options and bonuses to themselves without at the same time granting him the opportunity to purchase shares on the same terms in proportion to his shares. The defendants claim that they were properly granted summary judgment because they established, as a matter of law, a bona fide business purpose for their actions. As to the second cause of action the defendants argue that no provision for preemptive rights was contained in the certificate of incorporation. We find that on this record questions of fact are raised which preclude granting the defendants' motion for summary judgment dismissing the first cause of action.

Preemptive rights as such do not attach to stock in the absence of a specific provision in the certificate of incorporation (see, Business Corporation Law § 622 [e] [4]). Therefore the Supreme Court properly granted summary judgment to the defendant dismissing that cause.

With regard to the first cause of action, members of a corporate board of directors have a fiduciary responsibility to treat all shareholders fairly and evenly (see, Alpert v 28 Williams St. Corp., 63 NY2d 557, 569, rearg denied 64 NY2d 1041). The interpretation of this fiduciary duty directly relating to the facts of this case was set forth by the Court of

Appeals in *Schwartz v Marien* (37 NY2d 487, 492-493 [emphasis supplied]) as follows:

"Departure from precisely uniform treatment of stockholders may be justified, of course, *where a bona fide business purpose indicates that the best interests of the corporation would be served by such departure.* The burden of coming forward with proof of such justification shifts to the directors where, as here, a prima facie case of unequal stockholder treatment is made out. Particularly is this so when it appears that members of the board of directors favored themselves individually over the complaining shareholder. Additionally, disturbance of equality of stock ownership in a corporation closely held for several years by the members of two families calls for special justification in the corporate interest; *not only must it be shown that it was sought to achieve a bona fide independent business objective, but as well that such objective could not have been accomplished substantially as effectively by other means which would not have disturbed proportionate stock ownership * * *

"Determinations as to whether the activities of defendants were undertaken in good faith for a legitimate corporate purpose and whether other means were available depend not only on an analysis of the objective facts but as well in part on an appraisal of defendants' motives, involving as it will issues of credibility. 'Good faith or bad faith as the guide or the test of fiduciary conduct is a state or condition of mind—a fact—which can be proved or judged only through evidence'. *(Kavanaugh v Kavanaugh Knitting Co., supra,* p 198.) Accordingly it is appropriate that this case go before triers of fact".

As stated in *Schwartz v Marien (supra)* a determination of whether the actions of the defendants were undertaken in good faith for a legitimate corporate purpose and whether other means to accomplish their stated goals were available depends in part on an appraisal of the defendants' motives, involving issues of credibility. Since triable issues have been raised, the defendants' motion for summary judgment dismissing the plaintiff's first cause of action based on a breach of fiduciary duty should have been denied.

We have examined the plaintiff's other arguments and find them to be without merit. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.