■ DEBORAH SHAPIRO KURTZMAN, Respondent-Appellant, v ERIC BERGSTOL et al., Defendant, and MILTON SHAPIRO, Appellant-Respondent. [835 NYS2d 644]—

In an action, inter alia, to recover damages for conversion, misappropriation of corporate assets, and breach of fiduciary

duty, the defendant Milton Shapiro appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 28, 2005, as granted those branches of the plaintiff's motion which were for summary judgment on her seventh and eighth causes of action sounding in conversion and misappropriation of corporate assets insofar as asserted against him, and (2) from a judgment of the same court dated June 30, 2005, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $444,441, and the plaintiff cross-appeals, as limited by her brief, from so much of the order as denied those branches of her motion which were for summary judgment on her third and thirteenth causes of action sounding in breach of fiduciary duty insofar as asserted against the defendant Milton Shapiro.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the third and thirteenth causes of action sounding in breach of fiduciary duty insofar as asserted against the defendant Milton Shapiro are granted; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issues of whether there was conversion and misappropriation of corporate assets by the defendant Milton Shapiro (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454-455 [2003]). In opposition, Shapiro failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*; *Alvarez v Prospect Hosp., supra*). Consequently, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the seventh and eighth causes of action sounding in conversion and misappropriation of corporate assets insofar as asserted against Shapiro, and properly entered judgment in the plaintiff's favor on those causes of action.

However, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the third and thirteenth causes of action sounding in breach of fiduciary duty insofar as asserted against Shapiro. The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of whether Shapiro breached his fiduciary duty to her (*see Zuckerman v City of New York, supra*; *Alvarez v Prospect Hosp., supra*). In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877, 879 [2006]).

The plaintiff established that Shapiro had a fiduciary relationship with her by virtue of the fact that he was the attorney for the defendant 303-9W Co., LLC (hereinafter 303-9W), of which the plaintiff was a member (*see Collins v Telcoa Intl. Corp.*, 283 AD2d 128, 134 [2001]). The plaintiff established that Shapiro breached that fiduciary duty by preventing the plaintiff from receiving her share of the distribution of 303-9W's profits by improperly assigning his alleged personal claims against the plaintiff to 303-9W. In doing so, he placed his own personal interests above the interests of the plaintiff (*see Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]; *U.S. Ice Cream Corp. v Bizar*, 240 AD2d 654, 655 [1997]). It is evident that but for the actions of Shapiro, the plaintiff would have received her share of the distribution of 303-9W's profits. The plaintiff thus established her prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York, supra*; *Alvarez v Prospect Hosp., supra*).

In opposition, Shapiro failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*; *Alvarez v Prospect Hosp., supra*). Therefore, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the third and thirteenth causes of action sounding in breach of fiduciary duty insofar as asserted against Shapiro. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.