Fitzpatrick House III, LLC, Appellant, v Neighborhood Youth & Family Services, Respondent, et al., Defendants. [868 NYS2d 212]—

In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 8, 2007, which denied its motion for summary judgment on the fifth and sixth causes of action and to dismiss the third counterclaim of the defendant Neighborhood Youth & Family Services.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff and the defendant Neighborhood Youth & Family Services (hereinafter NYFS) entered into a management agreement under which NYFS would serve as the exclusive managing agent for a low-income residential apartment building owned by the plaintiff. The plaintiff terminated the management agreement in February 2007 and subsequently commenced this action, alleging that NYFS had improperly withdrawn funds from the building account.

The plaintiff moved for summary judgment on its causes of action seeking damages for conversion and breach of contract, and to dismiss the counterclaim of NYFS seeking damages for breach of contract. The Supreme Court denied the plaintiff's motion, finding that the conflicting affidavits submitted by the parties created triable issues of fact. We affirm.

"In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct" (*Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). In order to establish a conversion claim, a plaintiff must show that he had "an immediate superior right of possession to the identifiable fund and the exercise by defendants of unauthorized dominion over the money in question to the exclusion of plaintiff's rights" (*Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385 [1992]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on its causes of action to recover damages for conversion and breach of fiduciary duty by submitting the affidavit of its managing member and financial documentation showing multiple withdrawals from the building account (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). However, affidavits submitted by NYFS, as well as the management agreement itself, raise triable issues of fact as to whether the transactions at issue were authorized under the management agreement (*see Ptasznik v Schultz,* 223 AD2d 695 [1996]; *Heller v Hicks Nurseries,* 198 AD2d 330 [1993]).

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.