■ WINSTON CHIU, Respondent, v MAN CHOI CHIU et al., Appellants. [896 NYS2d 132]—

In an action, inter alia, for a judgment declaring the parties' interests in a certain limited liability company, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flaherty, J.), entered April 9, 2008, as denied those branches of their motion which were to dismiss the second, third, and eighth causes of action pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss so much of the eighth cause of action as sought to recover damages for breach of fiduciary duty occurring prior to October 10, 2004, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

" 'On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), [t]he sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law . . . The court must accept the facts alleged in the pleading and the submissions in opposition to the motion as true, and accord the plaintiff the benefit of every possible favorable inference' " (*Aranki v Goldman & Assoc., LLP*, 34 AD3d 510, 511 [2006], quoting *Operative Cake Corp. v Nassour*, 21 AD3d 1020, 1021 [2005] [citations and internal quotation marks omitted]).

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the second cause of action for failure to state a cause of action, as it alleges a cognizable cause of action for a judgment declaring that the plaintiff properly withdrew as a member of the defendant 45-52 Northern Blvd., LLC (hereinafter the LLC) (*see* Limited Liability Company Law § 606; *Klein v 599 Eleventh Ave. Co. LLC*, 14 Misc 3d 1211[A], 2006 NY Slip Op 52486[U] [2006]; *Matter of Spires v Lighthouse Solutions, LLC*, 4 Misc 3d 428, 437 n 2 [2004]).

Similarly, the Supreme Court properly denied that branch of

the defendants' motion which was to dismiss the third cause of action for failure to state a cause of action, as it alleges a cognizable cause of action for dissolution of the LLC (*see* Limited Liability Company Law § 701; *Matter of Extreme Wireless*, 299 AD2d 549 [2002]; *cf. Matter of 1545 Ocean Ave., LLC [Crown Royal Ventures, LLC—Ocean Suffolk Props., LLC]*, 72 AD3d 121 [2010]; *Matter of Horning v Horning Constr., LLC,* 12 Misc 3d 402, 408-409 [2006]).

Further, in the eighth cause of action, the complaint sets forth in sufficient detail (*see* CPLR 3016 [b]) facts which, if proven, would show that the defendant Man Choi Chiu, as the managing member of the LLC, owed a fiduciary duty to the plaintiff and breached this duty by failing to make full disclosure of all material facts referable to the operation and management of the LLC (*see Cottone v Selective Surfaces, Inc.*, 68 AD3d 1038 [2009]; *Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575 [2008]; *Salm v Feldstein*, 20 AD3d 469 [2005]). Although those allegations state a cognizable cause of action, the three-year limitations period, which is applicable when damages are sought for breach of fiduciary duty, bars the plaintiff from recovering damages for any alleged breach which occurred more than three years prior to the commencement of this action on October 10, 2007 (*see Dragon Inv. Co. II LLC v Shanahan*, 49 AD3d 403 [2008]; *Nathanson v Nathanson*, 20 AD3d 403 [2005]; *Klein v Gutman*, 12 AD3d 417 [2004]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss so much of the eighth cause of action as sought to recover damages for breach of fiduciary duty occurring prior to October 10, 2004.

The defendants' remaining contentions are without merit. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.