◼ KATHLEEN RUT, Appellant, v YOUNG ADULT INSTITUTE, INC., et al., Respondents. [901 NYS2d 715]—

In an action to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated December 10, 2008, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is affirmed, with costs.

The plaintiff's husband, an employee of the defendant Young Adult Institute, Inc. (hereinafter YAI), for more than 25 years, died in 2006 while still employed by YAI. At that time, the plaintiff became the successor beneficiary of her husband's retirement and employee benefit plans. One of those plans, the Supplemental Pension Plan and Trust for Certain Management Employees of YAI (hereinafter the Plan) provided a monthly income payment to the beneficiary for life. The plaintiff asserts in her complaint that after her husband's death, the defendant Joel M. Levy, the chief executive officer of YAI, orally offered to make an unspecified lump sum payment to her in lieu of the monthly payments that she was entitled to under the Plan. The complaint further alleges that, after negotiations, YAI agreed to pay the plaintiff her benefits in the form of an annuity. On or about December 28, 2007, the plaintiff received a proposed release, which she signed, after unilaterally adding additional terms to the release that required, inter alia, that a commercial insurance product be purchased at YAI's expense to fund the annuity. This additional term was rejected by YAI.

When YAI failed to purchase a commercial insurance product to fund the annuity, the plaintiff commenced this action against the defendants alleging that (1) although she released her claims

against YAI in exchange for the protection afforded by the purchase of a commercial insurance product to fund the annuity, no annuity was purchased, (2) the defendants were required to make a lump sum payment to her in excess of $3,000,000 by virtue of an oral promise make by Joel M. Levy, the chief executive officer of YAI, and (3) the defendants Joel M. Levy and Philip Levy, as trustees of the YAI retirement plan, breached a fiduciary duty owed to her by failing to purchase a commercial insurance product to fund the plan.

The defendants moved to dismiss the complaint pursuant to CPLR 3211. The Supreme Court granted the motion, and we affirm.

Accepting the allegations of the complaint as true, the allegations do not indicate any meeting of the minds with respect to the material terms of the alleged promise to pay the plaintiff a lump sum or to purchase a commercial annuity. Therefore, the plaintiff failed to state a cause of action sounding in breach of contract.

The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*see Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). The plaintiff did not allege any misconduct by the defendants that caused her to sustain damages. Therefore, she did not state a cause of action sounding in breach of fiduciary duty.

The plaintiff's remaining contentions are without merit, or need not be addressed in light of our determination. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.