■ ROBERT I. GLUCK, M.D., LLC, et al., Respondents, v KENNETH M. KAMLER, M.D., LLC, et al., Appellants. [904 NYS2d 151]—

In an action, inter alia, to recover damages for breach of fiduciary duty, unfair competition, and fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 22, 2009, which granted the plaintiffs' motion for summary judgment on the issue of liability on the sixth cause of action alleging breach of fiduciary duty.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to so much of the sixth cause of action alleging breach of fiduciary duty as was based upon the defendants' alleged improper calculation of overhead expenses, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In order to succeed on a cause of action to recover damages for breach of fiduciary duty, a plaintiff must do more than make allegations of unscrupulous acts (*see Greenberg v Joffee*, 34 AD3d 426, 427 [2006]). A plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct (*see Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]).

The plaintiffs alleged that the defendants breached a fiduciary duty owed to them by, inter alia, improperly calculating overhead expenses, and consequently, reducing their income. However, the plaintiffs failed to establish, prima facie, that the defendants improperly calculated those expenses. Accordingly, the Supreme Court should have denied that branch of the

plaintiffs' motion which was for summary judgment on the issue of liability with respect to so much of the cause of action alleging breach of fiduciary duty as was based upon the defendants' alleged improper calculation of overhead expenses (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Austin, JJ., concur.