■ ROBERT ARMENTANO, Individually and on Behalf of All Other Shareholders of PARACO GAS CORPORATION Similarly Situated, Appellant, v PARACO GAS CORPORATION et al., Respondents. [935 NYS2d 304]—

"A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b)" (*Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]; *see Chiu v Man Choi Chiu*, 71 AD3d 621, 623 [2010]; *Tsutsui v Barasch*, 67 AD3d 896, 898 [2009]; *De-Raffele v 210-220-230 Owners Corp.*, 33 AD3d 752, 752-753 [2006]; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877, 879 [2006]; *Rasmussen v A.C.T. Envtl. Servs.*, 292 AD2d 710, 712 [2002]). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Robert I.*

*Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC*, 74 AD3d 1167, 1167 [2010]; *Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs.*, 55 AD3d 664, 664 [2008]; *Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). Members of a board of directors of a corporation "owe a fiduciary responsibility to the shareholders in general and to individual shareholders in particular to treat all shareholders fairly and evenly" (*Schwartz v Marien*, 37 NY2d 487, 491 [1975]; *see Alpert v 28 Williams St. Corp.*, 63 NY2d 557, 569 [1984]; *Goldberg v Goldberg*, 139 AD2d 695, 696-697 [1988]). As a component of this duty, "[d]irectors, being fiduciaries of the corporation, must, in issuing new stock, treat existing shareholders fairly" (*Katzowitz v Sidler*, 24 NY2d 512, 518 [1969]; *see Schwartz v Marien*, 37 NY2d at 491; *Goldberg v Goldberg*, 139 AD2d at 696-697). "[D]irectors shall not breach the obligations which they owe as trustees for all the stockholders in connection with stock, the issue of which is within their control, (a) by increasing their voice in the control of the corporation through the secret purchase of such stock, or (b) increasing their proportionate share in the surplus in that manner, or (c) obtaining the stock at an inadequate price" (*Hammer v Werner*, 239 App Div 38, 42 [1933]). "Departure from precisely uniform treatment . . . may be justified . . . where a bona fide business purpose indicates that the best interests of the corporation would be served by such departure" (*Schwartz v Marien*, 37 NY2d at 492).

Here, affording the complaint liberal construction, accepting the facts alleged therein as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint sufficiently alleged that the Armentano defendants, as directors of the corporation, breached a fiduciary duty owed to the plaintiff, and the other shareholders similarly situated, by issuing to themselves treasury shares without a legitimate business purpose and for the sole reason of diluting the equity interest held by the plaintiff and the other shareholders (*see Collins v Telcoa Intl. Corp.*, 283 AD2d 128 [2001]; *Hammer v Werner*, 239 App Div 38 [1933]; *cf. Schwartz v Marien*, 37 NY2d 487 [1975]; *Goldberg v Goldberg*, 139 AD2d 695 [1988]). Moreover, the complaint sufficiently stated a cause of action to recover damages for unjust enrichment, as it alleged that the Armentano defendants were unjustly enriched by receipt of the treasury shares, at the expense of the corporation and its shareholders, and that it is against equity and good conscience for them to retain the treasury shares (*see generally Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 19

[2008]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]). Moreover, given the allegations of misconduct, it was improper for the Supreme Court to rely on the business judgment rule in granting the defendants' motion to dismiss pursuant to CPLR 3211 (a) (7). "The business judgment doctrine does not foreclose inquiry by the courts into the disinterested independence of members of the board of directors of a corporation and cannot shelter individuals from responsibility for breaches of duty of care they owe as directors" (*Ench v Breslin*, 241 AD2d 475, 476 [1997]; *see Auerbach v Bennett*, 47 NY2d 619, 629 [1979]; *Pugliese v Mondello*, 57 AD3d 637, 639 [2008]; *Shapiro v Rockville Country Club, Inc.*, 22 AD3d 657, 658 [2005]).

Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.