■ NIKHLESH PAREKH, Appellant, v NIALL CAIN et al., Respondents. [948 NYS2d 72]—

In an action, inter alia, to recover damages for fraud, breach of contract, breach of fiduciary duty, trademark infringement, unfair competition, conversion, and tortious interference with business relations, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 2, 2010, as granted those branches of the motion of the defendants Niall Cain, Cynthia Caracta, and Orissa DF, LLC, which were pursuant to CPLR 3211 (a) (1) to dismiss the first, third, ninth, tenth, twelfth, and thirteenth causes of action insofar as asserted against those defendants based upon documentary evidence, and pursuant to CPLR 3211 (a) (7) to dismiss the fourth, seventh, eighth, and eleventh causes of action insofar as asserted against those defendants for failure to state a cause of action, and (2) from an order of the same court (Lefkowitz, J.), entered December 14, 2010, which granted the motion of the defendant Joseph Locascio, Jr., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order entered December 2, 2010, is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Niall Cain, Cynthia Caracta, and Orissa DF, LLC, which were pursuant to CPLR 3211 (a) (1) to dismiss the first, third, ninth, tenth, twelfth, and thirteenth causes of action insofar as asserted against them, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Niall Cain, Cynthia Caracta, and Orissa DF, LLC, which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the eighth cause of action as alleged unfair competition, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered December 2, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 14, 2010, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Joseph Locascio, Jr., which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered December 14, 2010, is affirmed insofar as appealed from, without costs or disbursements.

The complaint alleged that the plaintiff, Nikhlesh Parekh,

operated an Indian restaurant named Orissa in Dobbs Ferry. In December 2007 the plaintiff considered expanding his business and sought out investors. The defendants Niall Cain and Cynthia Caracta allegedly orally agreed with the plaintiff (hereinafter the oral agreement) that they would all form a joint venture to open an Indian restaurant and boutique in Dobbs Ferry (hereinafter the restaurant). The plaintiff's interest in the restaurant would start at only one percent, but as he paid off a business loan using the restaurant's profits, his ownership interest would increase until it reached 49 percent. The plaintiff did most of the work to establish the restaurant, and closed his existing restaurant in August 2008.

On February 25, 2009, Cain and Caracta formed the defendant Orissa DF, LLC (hereinafter Orissa DF), to own the restaurant. The plaintiff alleged that he was a member and manager of Orissa DF. The complaint alleges, inter alia, that Cain, Caracta, and Orissa DF (hereinafter collectively the Orissa defendants) breached the oral agreement by locking the plaintiff out of the business in January 2010. The complaint also alleged that the defendant Joseph Locascio, Jr., had an attorney-client relationship with the plaintiff, and that Locascio violated his fiduciary duty to the plaintiff.

The Orissa defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. In support of the motion, they submitted, among other things, the purported operating agreement for Orissa DF, which listed only Cain and Caracta as members. In opposition, the plaintiff submitted, inter alia, e-mails from Cain and Caracta, which were sent months after the purported operating agreement was signed, and which indicated that no agreement had yet been signed, and that Cain and Caracta intended the plaintiff to be a partner in the business. Locascio also moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that the plaintiff failed to properly allege the existence of an attorney-client relationship.

In an order entered December 2, 2010, the Supreme Court determined that the plaintiff had sufficiently pleaded a cause of action alleging unjust enrichment, but granted those branches of the Orissa defendants' motion which were to dismiss the remainder of the complaint insofar as asserted against them. In an order entered December 14, 2010, the Supreme Court granted Locascio's motion to dismiss the complaint insofar as asserted against him.

To prevail on a motion to dismiss pursuant to CPLR 3211 (a)

(1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Jesmer v Retail Magic, Inc.*, 55 AD3d 171, 180 [2008]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]).

Here, the Supreme Court erred in granting those branches of the Orissa defendants' motion which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action alleging breach of contract (first cause of action) and breach of fiduciary duty (third cause of action), as well as the causes of action seeking a judicial dissolution, an accounting, a receivership, and liquidation (the ninth, tenth, twelfth, and thirteenth causes of action, respectively) insofar as asserted against them on the ground that the purported operating agreement constituted documentary evidence that conclusively disposed of the plaintiff's claims. "Dismissal under CPLR 3211 (a) (1) is warranted 'only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, there are disputed issues relating to the authenticity of the operating agreement. Accordingly, dismissal of these causes of action insofar as asserted against the Orissa defendants was not warranted pursuant to CPLR 3211 (a) (1) (*see Berenthal & Assoc. v Mechanical Plastics Corp.*, 288 AD2d 143 [2001]; *Paynter v Vishnia*, 114 AD2d 404 [1985]; *see generally Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]; Limited Liability Company Law § 702; *Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121 [2010]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88). Such a motion should be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action (*see Morales v Copy Right, Inc.*, 28 AD3d 440, 441 [2006]; *Hartman v Morganstern*, 28 AD3d 423, 424 [2006]).

Applying these principles, the Supreme Court properly granted those branches of the Orissa defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of ac-

tion alleging fraud (fourth cause of action) and conversion (eleventh cause of action) insofar as asserted against them for failure to state a cause of action. Neither fraud nor conversion can be predicated upon breach of contract (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614 [1994]; *MBL Life Assur. Corp. v 555 Realty Co.*, 240 AD2d 375, 376 [1997]). The Supreme Court also properly granted that branch of the Orissa defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging tortious interference with business relations (seventh cause of action) insofar as asserted against them, since the complaint did not identify the third party with whom the plaintiff was engaging in business relations (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [2009]).

However, the Supreme Court erred in granting that branch of the Orissa defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the eighth cause of action as alleged unfair competition. Inasmuch as the complaint alleged that the Orissa defendants misappropriated the plaintiff's labor, skill, expenditures, or good will, and displayed some element of bad faith in doing so, the allegations made out a legally viable claim for unfair competition (*see Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 578 [2008]; *Abe's Rooms, Inc. v Space Hunters, Inc.*, 38 AD3d 690, 692 [2007]).

Finally, Locasio was not entitled to dismissal of the complaint insofar as asserted against him based upon CPLR 3211 (a) (1) since his submissions in support thereof did not constitute documentary evidence within the meaning of the statute (*see Fontanetta v John Doe 1*, 73 AD3d 78 [2010]). However, the Supreme Court properly granted that branch of Locasio's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. The plaintiff alleges that he had an attorney-client relationship with Locasio and that the latter breached his attendant fiduciary duty. To state a cause of action to recover damages for breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). A breach of fiduciary duty cause of action must be pleaded with the requisite particularity under CPLR 3016 (b) (*see Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]; *Chiu v Man Choi Chiu*, 71 AD3d 621, 623 [2010]). Here, although the complaint made the bare allegation of the existence of an attorney-client rela-

tionship, the plaintiff has failed "to allege specific facts upon which the existence of an attorney-client relationship or privity between [these] parties could be inferred" (*Conti v Polizzotto*, 243 AD2d 672, 673 [1997]; *see Fredriksen v Fredriksen*, 30 AD3d 370, 371 [2006]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.