■ JAY L. DEBLINGER, Individually and on Behalf of Himself and All Other Shareholders of SANI-PINE PRODUCTS CO., INC. and Another, Similarly Situated, Appellant-Respondent, v SANI-PINE PRODUCTS CO., INC., et al., Defendants, and H. CECILE DEBLINGER, Also Known as HELEN CECILE DEBLINGER, Respondent-Appellant. [967 NYS2d 394]—

In a shareholders' derivative action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 13, 2012, as granted those branches of the motion of the defendant H. Cecile Deblinger, also known as Helen Cecile Deblinger, which were pursuant to CPLR 3211 (a) to dismiss so much of the complaint as sought to recover damages for breach of fiduciary duty based on allegations that she delayed distribution of corporate assets, commenced unnecessary legal proceedings, and delayed the sale of stock owned by the defendant Sani-Pine Products Co., Inc., and the defendant H. Cecile Deblinger, also known as Helen Cecile Deblinger, cross-appeals from so much of the same order as denied that branch of her motion which was pursuant to CPLR 3211 (a) to dismiss so much of the complaint as sought to recover damages for breach of fiduciary duty based on allegations that she paid herself excessive compensation.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, Jay L. Deblinger, is one of three shareholders in the corporations Sani-Pine Products Co., Inc. (hereinafter Sani-Pine), and Leemar Leasing Corp. (hereinafter together the corporations). The three shareholders were also the sole officers and directors of the corporations. The plaintiff commenced the

instant shareholders' derivative action against the corporations and one of the shareholder-directors, the defendant H. Cecile Deblinger, also known as Helen Cecile Deblinger (hereinafter Cecile Deblinger), alleging, inter alia, that Cecile Deblinger breached her fiduciary duty to the plaintiff and the other shareholders similarly situated by delaying distribution of corporate assets, commencing unnecessary legal proceedings to dissolve the corporations, delaying the sale of stock owned by Sani-Pine, and paying herself excessive compensation from the corporations during a two-year period in which they had "no active on-going business to conduct."

Cecile Deblinger moved pursuant to section 3211 (a) to dismiss the complaint. The Supreme Court determined that the plaintiff failed to sufficiently state causes of action alleging breach of fiduciary duty based on allegations that Cecile Deblinger delayed distribution of corporate assets, commenced unnecessary legal proceedings, and delayed the sale of stock owned by Sani-Pine. The Supreme Court held, however, that the complaint sufficiently stated causes of action alleging breach of fiduciary duty based on allegations that Cecile Deblinger paid herself excessive compensation. The plaintiff appeals and Cecile Deblinger cross-appeals.

"A cause of action sounding in breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016 (b)" (*Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]; *see Armentano v Paraco Gas Corp.*, 90 AD3d 683, 684-685 [2011]; *Chiu v Man Choi Chiu*, 71 AD3d 621, 623 [2010]). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC*, 74 AD3d 1167 [2010]; *Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). Members of a board of directors of a corporation "owe a fiduciary responsibility to the shareholders in general and to individual shareholders in particular to treat all shareholders fairly and evenly" (*Schwartz v Marien*, 37 NY2d 487, 491 [1975]; *see Armentano v Paraco Gas Corp.*, 90 AD3d at 684-685).

The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d 619, 629 [1979]; *see Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 372 n 20 [2005]; *Matter of Levandusky v One*

*Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *North Fork Preserve, Inc. v Kaplan*, 68 AD3d 732, 733 [2009]; *see also Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 54 [1998]).

Here, the Supreme Court properly dismissed, pursuant to CPLR 3211 (a) (7), the causes of action which were based on allegations that Cecile Deblinger delayed distribution of corporate assets, commenced unnecessary legal proceedings, and delayed the sale of stock owned by Sani-Pine. According to the allegations in the complaint, Cecile Deblinger, the director responsible for dissolving the corporations pursuant to an agreement of all three shareholder-directors, treated all the shareholder-directors equally in determining the timing and method to be employed in selling stock owned by Sani-Pine and distributing corporate assets. Moreover, according to the allegations in the complaint, Cecile Deblinger commenced legal proceedings to judicially dissolve the corporations only after all three shareholder-directors agreed to dissolution of the two corporations, the real property owned by the corporations had been sold, and initial distributions had been made to each of the shareholder-directors. Accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]), these allegations fail to sufficiently state a viable cause of action alleging breach of fiduciary duty. The allegations are insufficient to support a finding that Cecile Deblinger committed these acts in bad faith, or without exercising her "honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d at 629; *see Consumers Union of U.S., Inc. v State of New York*, 5 NY3d at 372 n 20; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d at 538; *cf. Armentano v Paraco Gas Corp.*, 90 AD3d at 684-686; *cf. also North Fork Preserve, Inc. v Kaplan*, 68 AD3d at 733).

However, the Supreme Court properly declined to dismiss so much of the complaint as alleged that Cecile Deblinger paid herself excessive compensation after the corporations no longer had "active on-going business to conduct." According to the allegations in the complaint, Cecile Deblinger continued to receive compensation from each of the corporations at a rate of $40,000 per year for a two-year period after the real property owned by the corporations had been sold and a final accounting of the corporate assets had been obtained. Accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleged facts which "call into question" whether the

compensation rate was fair to the corporations, whether Cecile Deblinger's decision to set or continue that rate of compensation was made in good faith, and whether that decision was the "product of valid business judgment" (*Marx v Akers*, 88 NY2d 189, 204 [1996]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.