■ CHRIS VARVERIS, Appellant, v JAMES ZACHARAKOS, Respondent, et al., Defendant. [973 NYS2d 774]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 7, 2012, which granted that branch of the cross motion of the defendant James Zacharakos which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Jarc Realty Company, Inc., a close corporation (hereinafter the corporation), was formed in 1986 to acquire certain real property in Brooklyn. The plaintiff, the defendant James Zacharakos, the defendant Andrew Sichenze, and the nonparty Rolf Kristiansen each owned 50 shares of the 200 shares of stock issued by the corporation. In March 2010, Zacharakos entered into an agreement with Kristiansen to purchase Kristiansen's shares.

The plaintiff thereafter commenced this action, contending that Zacharakos, as a director, officer, shareholder, and managing agent of the corporation, owed a fiduciary duty to him with regard to the purchase of Kristiansen's shares. The complaint alleged that Zacharakos breached this fiduciary duty by precluding the plaintiff from purchasing a pro rata share of Kristiansen's stock. In the order appealed from, the Supreme Court granted that branch of Zacharakos's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him

"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47, 61 [2013]; *Armentano v Paraco Gas Corp.*, 90 AD3d 683, 684 [2011]). "A fiduciary relationship exists between two persons when one of them is under a duty to act for . . . the benefit of another upon matters within the scope of the relation" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005] [internal quotation marks omitted]; *see Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d at 62).

Contrary to the plaintiff's contention, Zacharakos's status as an officer, director, or shareholder of a close corporation "does

not, by itself, create a fiduciary relationship as to his individual purchase of [another shareholder's] stock" (*Melish v Vogel*, 35 Ill App 3d 125, 135, 343 NE2d 17, 25 [1975]; *see Donahue v Rodd Electrotype Co. of New England, Inc.*, 367 Mass 578, 593 n 18, 328 NE2d 505, 515 n 18 [1975]; *Adelson v Adelson*, 60 Mass App Ct 753, 767-768, 806 NE2d 108, 119-120 [2004]; *see generally* 3A William Fletcher, Cyclopedia of Corporations § 1168.10; *cf. Alpert v 28 Williams St. Corp.*, 63 NY2d 557 [1984]; *Schwartz v Marien*, 37 NY2d 487 [1975]). Moreover, Zacharakos's submissions demonstrated that he "was acting as an individual and not as an agent for the corporation" when purchasing Kristiansen's shares (*Yerke v Batman*, 176 Ind App 672, 680, 376 NE2d 1211, 1216 [1978]). In opposition to Zacharakos's prima facie showing that he did not owe a fiduciary duty to the plaintiff with respect to the purchase of Kristiansen's shares, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of Zacharakos's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.