# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**926**

**CA 13-01305**

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR THE
RESCISSION OF THE LORIE DEHIMER IRREVOCABLE
TRUST, SUCCESSOR TO THE MARION A. SEARS TRUSTS.
----------------------------------------------------
LORIE M. DEHIMER, PETITIONER-APPELLANT;

MEMORANDUM AND ORDER

HOWARD P. SEARS, JR., THOMAS A. SEARS AND
DAVID H. WOOD, TRUSTEES, RESPONDENTS-RESPONDENTS.

---

IN THE MATTER OF THE APPLICATION FOR THE
RESCISSION OF THE J. STEVEN DEHIMER IRREVOCABLE
TRUST, SUCCESSOR TO THE MARION A. SEARS TRUSTS.
----------------------------------------------------
J. STEVEN DEHIMER, PETITIONER-APPELLANT;

HOWARD P. SEARS, JR., THOMAS A. SEARS AND
DAVID H. WOOD, TRUSTEES, RESPONDENTS-RESPONDENTS.

---

IN THE MATTER OF THE APPLICATION FOR THE
RESCISSION OF THE WILLIAM DEHIMER IRREVOCABLE
TRUST, SUCCESSOR TO THE MARION A. SEARS TRUSTS.
----------------------------------------------------
WILLIAM S. DEHIMER, PETITIONER-APPELLANT;

HOWARD P. SEARS, JR., THOMAS A. SEARS AND
DAVID H. WOOD, TRUSTEES, RESPONDENTS-RESPONDENTS.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA CANNON OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeals from an order of the Surrogate's Court, Oneida County
(Louis P. Gigliotti, S.), entered December 4, 2012. The order,
insofar as appealed from, granted the motions of respondents to
dismiss the petitions pursuant to CPLR 3211 (a) (7).

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of respondents'
motions to dismiss the claim in each petition for breach of fiduciary
duty, and reinstating each petition to that extent, and as modified

the order is affirmed without costs.

Memorandum:  Respondents are trustees of certain irrevocable inter vivos trusts and, in proceedings to rescind those trusts, petitioners appeal from an order granting the pre-answer motions of respondents seeking to dismiss the petitions pursuant to CPLR 3211 (a) (7).  We agree with petitioners that Surrogate's Court erred in granting that part of respondents' motions with respect to the claim for breach of fiduciary duty in each petition, and we therefore modify the order accordingly.

In considering a motion to dismiss pursuant to CPLR 3211, the Surrogate must afford the petition a liberal construction and "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).  "Whether a [petitioner] can ultimately establish [his or her] allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19).  To state a claim to recover damages for breach of fiduciary duty, petitioners herein must allege:  "(1) the existence of a fiduciary relationship, (2) misconduct by [respondents], and (3) damages directly caused by [respondents'] misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777; *see Armentano v Paraco Gas Corp.*, 90 AD3d 683, 684-685; *McGuire v Huntress* [appeal No. 2], 83 AD3d 1418, 1420, *lv denied* 17 NY3d 712).  We conclude that the petitions adequately state a claim for breach of fiduciary duty in that they allege that respondents failed to act in the best interests of petitioners with respect to their complete distribution of certain sub-trusts under which petitioners were beneficiaries, and the use of 55% of those distributions to fund newly-created inter vivos trusts under which petitioners have no beneficial interest.

We have considered petitioners' remaining contentions and conclude that they are without merit.

Entered:  November 21, 2014                    Frances E. Cafarell
                                                Clerk of the Court