Hausen v North Fork Radiology, P.C. (2019 NY Slip Op 02687)





Hausen v North Fork Radiology, P.C.


2019 NY Slip Op 02687


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-06859
2017-00791
 (Index No. 608047/15)

[*1]Renu Hausen, appellant-respondent, 
v
North Fork Radiology, P.C., et al., respondents, East End Radiology, P.C., respondent-appellant, et al., defendant.


Levitt LLP, Mineola, NY (James E. Brandt of counsel), for appellant-respondent.
Nixon Peabody LLP, Jericho, NY (Christopher J. Porzio and Michael S. Cohen of counsel), for respondent-appellant and respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and fraud, (1) the plaintiff appeals, and the defendant East End Radiology, P.C., cross-appeals, from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated May 6, 2016, and (2) the plaintiff appeals from an order of the same court dated December 12, 2016. The order dated May 6, 2016, insofar as appealed from, granted those branches of the motion of the defendants North Fork Radiology, P.C., East End Radiology, P.C., Southampton Radiology, P.C., Riverhead Medical Arts, Inc., William Brancaccio, Bradley Gluck, David Gross, David Kirshy, Anthony Mitarotondo, Martin J. Van Dyne, Justin Zack, Barry Armandi, Jack Morgani, Salvatore A. Parrinello, and Daniel Resnick which were pursuant to CPLR 3211(a) to dismiss the fifth, sixth, and eighth causes of action and so much of the first cause of action as sought to recover damages for breach of fiduciary duty. The order dated May 6, 2016, insofar as cross-appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action. The order dated December 12, 2016, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to serve a second amended complaint and for leave to renew her opposition to those branches of the motion of the defendants North Fork Radiology, P.C., East End Radiology, P.C., Southampton Radiology, P.C., Riverhead Medical Arts, Inc., William Brancaccio, Bradley Gluck, David Gross, David Kirshy, Anthony Mitarotondo, Martin J. Van Dyne, Justin Zack, Barry Armandi, Jack Morgani, Salvatore A. Parrinello, and Daniel Resnick which were pursuant to CPLR 3211(a) to dismiss the sixth and eighth causes of action and so much of the first cause of action as sought to recover damages for breach of fiduciary duty.
ORDERED that the order dated May 6, 2016, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants North Fork Radiology, P.C., East End Radiology, P.C., Southampton Radiology, P.C., Riverhead Medical Arts, Inc., William Brancaccio, Bradley Gluck, David Gross, David Kirshy, Anthony Mitarotondo, Martin J. Van Dyne, Justin Zack, Barry Armandi, Jack Morgani, Salvatore A. Parrinello, and Daniel Resnick which were pursuant to CPLR 3211(a) to dismiss the fifth and eighth causes of action and so much of the first cause of action as sought to recover damages for breach of fiduciary duty, and substituting [*2]therefor a provision denying those branches of the motion; as so modified, the order dated May 6, 2016, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the order dated December 12, 2016, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to serve a second amended complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated December 12, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff is a radiation oncologist. The plaintiff alleges that she is or was a shareholder of the defendants East End Radiology, P.C. (hereinafter East End), North Fork Radiology, P.C. (hereinafter North Fork), Southampton Radiology, P.C., and Riverhead Medical Arts, Inc. (hereinafter collectively the radiology corporations), and that the defendants William Brancaccio, Bradley Gluck, David Gross, David Kirshy, Anthony Mitarotondo, Martin J. Van Dyne, Justin Zack, Barry Armandi, Jack Morgani, Salvatore A. Parrinello, and Daniel Resnick (hereinafter collectively the individual defendants) also are or were shareholders and/or officers and directors of each of the radiology corporations. The plaintiff alleges that the radiology corporations were formed for the purpose of operating a radiology practice and that they acted in conjunction with one another to effect that purpose. The plaintiff was employed by East End. The plaintiff's written employment agreement with East End provided, among other things, that in the event her employment was terminated for any reason, she would tender her shares of stock in the corporation and not practice radiological medicine within a certain geographical radius for a period of two years following the termination. Similarly, the North Fork shareholders' agreement required the plaintiff to transfer all of her shares in the corporation to the corporation upon termination of her employment.
In approximately June 2015, the defendant North Shore Hematology-Oncology Associates, P.C. (hereinafter North Shore), began negotiations with North Fork to purchase North Fork's radiation oncology practice, of which the plaintiff apparently was the sole physician. Eventually, an agreement was reached and the shareholders of North Fork, with the exception of the plaintiff, voted to sell the radiation oncology practice to North Shore. The plaintiff commenced this action, alleging, among other things, that the other shareholders wrongfully forced her out of the practice, denied her any share of the profits in the sales transaction, and sought to enforce the restrictive covenant contained in her employment agreement. The first cause of action sought, among other things, to recover damages for breach of fiduciary duty. The third cause of action sought a judgment declaring that the restrictive covenant in the employment agreement is unenforceable. The fifth cause of action sought damages for breach of contract. The sixth cause of action sought damages for fraud. The eighth cause of action also sought damages for breach of fiduciary duty.
The radiology corporations and the individual defendants (hereinafter collectively the radiology defendants) moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. North Shore separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated May 6, 2016, the Supreme Court denied that branch of the radiology defendants' motion which was to dismiss the third cause of action, but otherwise granted the motions. The plaintiff appeals from so much of the order as granted those branches of the radiology defendants' motion which were to dismiss the fifth, sixth, and eighth causes of action, and so much of the first cause of action as sought damages for breach of fiduciary duty. East End cross-appeals from so much of the order as denied that branch of the radiology defendants' motion which was to dismiss the third cause of action.
Subsequently, the plaintiff moved, inter alia, for leave to serve a second amended complaint and for leave to renew her opposition to those branches of the radiology defendants' motion which were to dismiss the sixth and eighth causes of action and so much of the first cause of action as sought to recover damages for breach of fiduciary duty. In an order dated December 12, 2016, the Supreme Court, inter alia, denied those branches of the motion. The plaintiff appeals.
On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141; Leon v Martinez, 84 NY2d 83, 87-88). "Where a cause of action or defense is based upon . . . fraud . . . [or] breach of trust . . . , the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]).
"To allege a cause of action based on fraud, plaintiff must assert a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). Here, the plaintiff failed to allege or provide details of any material misrepresentation or omission made to her or her justifiable reliance thereon (see Matter of Pesola Trust, 166 AD3d 885; Manik v Citimortgage, Inc., 102 AD3d 929, 930; Scott v Fields, 85 AD3d 756, 757-758). Accordingly, we agree with the Supreme Court's determination to grant that branch of the radiology defendants' motion which was to dismiss the sixth cause of action.
To allege a cause of action sounding in breach of fiduciary duty, a plaintiff must assert the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (see Armentano v Paraco Gas Corp., 90 AD3d 683, 684; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807-808; Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). Although a cause of action alleging breach of fiduciary duty must be pleaded with the particularity required by CPLR 3016(b) (see Armentano v Paraco Gas Corp., 90 AD3d at 684; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d at 808), that provision "requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of and is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting [the misconduct]'" (Lanzi v Brooks, 43 NY2d 778, 780, quoting Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194). Thus, where the facts are "peculiarly within the knowledge of the party against whom the [cause of action] is being asserted" (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d at 194), "it would work a potentially unnecessary injustice to dismiss a case at an early stage where any pleading deficiency might be cured later in the proceedings" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492; see Black v Chittenden, 69 NY2d 665, 668; Bibbo v Arvanitakis, 145 AD3d 657, 659).
Here, the allegations regarding the failure to share financial information and shareholders' meeting information are sufficiently pleaded, under the circumstances, which include allegations that the other shareholders and board members of the radiology corporations purposefully excluded the plaintiff from shareholder meetings and denied her all access to financial information (see Bernstein v Kelso & Co., 231 AD2d 314, 320-321). Further, the amended complaint alleges, essentially, that these defendants planned the sale of assets of North Fork to occur after the plaintiff's departure from that practice and mandatory surrender of her shares, thereby depriving her of a share of any distribution of the profits of that transaction. These allegations sufficiently state a cause of action sounding in breach of fiduciary duty (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 131 AD3d 601, 604; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 22; Kurtzman v Bergstol, 40 AD3d 588, 590; Nathanson v Nathanson, 20 AD3d 403, 404; Bernstein v Kelso & Co., 231 AD2d at 320-321). Thus, the Supreme Court should not have granted those branches of the radiology defendants' motion which were to dismiss the eighth cause of action and so much of the first cause of action as sought damages for breach of fiduciary duty.
The complaint also sufficiently stated a cause of action to recover damages for breach of contract by alleging all of the essential elements: the existence of a contract, the plaintiff's performance under the contract, the radiology defendants' breach of their obligations under the contract, and damages resulting from that breach (see De Guaman v American Hope Group, 163 AD3d 915, 917; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127; [*3]JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803). Accordingly, the Supreme Court should not have granted that branch of the radiology defendants' motion which was to dismiss the fifth cause of action. The radiology defendants' contention that this cause of action is partially time-barred is improperly raised for the first time on appeal.
Contrary to East End's contentions, the complaint alleged sufficient facts to demonstrate the existence of a justiciable controversy with respect to the restrictive covenant (see generally Cuomo v Long Is. Light. Co., 71 NY2d 349, 354; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776). We therefore agree with the Supreme Court's determination to deny that branch of the radiology defendants' motion which was to dismiss the third cause of action. East End's remaining contention regarding this cause of action is without merit.
Contrary to the plaintiff's contention, the Supreme Court did not err in denying that branch of her motion which was for leave to renew her opposition to that branch of the radiology defendants' motion which was to dismiss the sixth cause of action, since the new facts offered on the motion would not have changed the prior determination (see CPLR 2221[e][2]; Matter of Wilnus, 101 AD3d 1036, 1037-1038; Worthy v Good Samaritan Hosp. Med. Ctr., 50 AD3d 1023, 1024).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to serve a second amended complaint, as the amendments were not palpably insufficient nor patently devoid of merit, and there was no showing of prejudice or surprise (see CPLR 3025[c]; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685; 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455).
The plaintiff's remaining contentions need not be reached in light of our determination.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court