(115 App. Div. 215)

## PABST BREWING CO. v. OAKLEY.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. WATERS—PUBLIC SUPPLY—WATER RENTS—METERS—ACTION TO CORRECT RECORD—EVIDENCE—SUFFICIENCY.

In an action to correct the record of water used as shown by a meter installed under Greater New York Charter, Laws 1897, pp. 164, 165, c. 378, §§ 473, 475, authorizing a dependence on such record, evidence examined, and *held* insufficient to justify a disturbing of the record.

2. SAME—GENERAL RULE.

Greater New York Charter, Laws 1897, pp. 164, 165, c. 378, §§ 473, 475, provide that when water meters are installed ."the charge for water shall be determined only by the quantity of water actually used as shown by said meters." *Held*, that such measurement must be deemed conclusive, at least where no case of hardship is shown, in which the evidence demonstrates beyond question that. through fraud, mistake, or accident the record of the meter is erroneous.

Appeal from Special Term, New York County.

Action by the Pabst Brewing Company against John T. Oakley, as commissioner, etc., of the city of New York. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Appeal by defendants from a judgment of the Special Term, on a trial of the issues by the court, requiring defendants to correct the rec- ·ords of the Department of Water Supply, Gas & Electricity of the city of New York for the period between May 16, 1904, and October 10th thereafter, so that the same will show that plaintiff used during said period on the premises described in the complaint 441,000 cubic feet of water, instead of 859,000 cubic feet of water, as shown by the records which are in accordance with the registration of the meter, and requiring a corresponding correction in the amount of the indebtedness of the plaintiff to the defendant for the use of water.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Theodore Connoly, for appellant.

A. S. Gilbert, for respondent.

LAUGHLIN, J. The decision in Healy v. City, 90 App. Div. 170, 85 N. Y. Supp. 750, was based upon sections 473 and 475 of the Greater New York Charter (Laws 1897, pp. 164, 165, c. 378), which authorize the use of water meters, and provide, among other things, in substance, that, when meters are "installed the charge for water shall be determined only by the quantity of water actually used, as shown by said meters," and that bills for the use of water shall be made out for the amount of water consumed, as registered by the meter. The evidence in that case tended to show that the meter, which was furnished by the city, and remained in its possession and control for the purpose of inspection and repair, was out of order without fault on the part of the consumer, and registered only about one-fifth of the amount of water used. The city undertook to estimate and charge the consumer for the excess of water used over the amount registered. We held that the meter was controlling. The evidence in the case at bar falls far short of establishing beyond question that the amount of water shown by the meter did not pass through it and from the water pipes on the premises occupied by the plaintiff. The question, therefore, as to whether a court of equity could in any circumstances grant relief to a consumer against the record of a meter demonstrated or conceded to have been defective, is not before us for decision, and I think that no opinion should be expressed thereon.

The plaintiff sought to discredit the meter by evidence consisting of opinions of observers, tending to show a comparison of the amount of water used during the period in question, embracing the hot summer months, with the amount registered by the meter both prior and subsequent thereto. The plaintiff was using large quantities of water during the entire period. The water was not shut off at any time. The evidence as to observations only relates to a very small fraction of the time. The observations were only occasional and casual. It is well known that the amount of water that will pass through a faucet depends, not only on the size of the opening, and the length of time the water is turned on, but upon the pressure as well. Opinions based upon observations that the employés of a theater and hotel, including a bar and restaurant, were not using more water than during a preceding or subsequent month, are of little value, and afford no basis upon which a court of equity may command that the record of the meter be corrected to show the use of only the same amount of water as was used during a prior or succeeding period, or otherwise. This is the substance of the evidence offered by the plaintiff. Since he failed to offer any evidence upon which the court could grant equitable relief, the complaint should have been dismissed. Public policy requires that the courts should sustain the rule prescribed by the statute as the only criterion for ascertaining the amount of water used, at least, until an extraordinary case of extreme hardship is presented where it is

conceded or demonstrated beyond question that through fraud, mistake, or by accident the record made by the meter is erroneous. If the public servants were given discretion to modify the readings of meters, the door to corruption would be opened; and, if the courts should take jurisdiction on such evidence as that here presented, there would be a flood of this class of litigation which would interfere with the collection of the public revenue, take up the time of the courts and of other public servants, and only prove abortive in the end; for it is manifest that, if the meter were defective, it would be impossible to prove actually or approximately the amount of water used. The protection against defective or inaccurate meters must be found in discovering and reporting when they appear to be out of order, and requiring prompt, efficient supervision by the public authorities.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.