SPONGE RUBBER PRODUCTS COMPANY, Appellant, *v.* PUROFIED DOWN PRODUCTS CORPORATION, Respondent.

First Department, March 17, 1953.

*Robert J. Blum* for appellant.

*Aaron Edward Nowack* of counsel (*Jesse L. Goldberg,* attorney), for respondent.

Dore, J. Plaintiff appeals from so much of a judgment in its favor as fails to award a verdict for $28,676.04 instead of the sum allowed by the jury, viz., $24,554.04.

Defendant, buyer, on July 18, 1950, placed an order with plaintiff, seller, for 25,000 foam rubber units at $3.25 each, but that order by its express terms required delivery of from 3,000 to 4,000 units per week. The rate of delivery of the units was at the time a most important aspect of the transaction, had during the extraordinary demand for consumer goods immediately subsequent to the outbreak of the Korean war. Plaintiff seller did not accept the buyer's order of from 3,000 to 4,000 units per week but made a written acknowledgment containing a counteroffer to ship 1,000 units or more per week with a further modification that the deliveries would start "when Job 1602 is completed." Defendant, buyer, never accepted that counteroffer. As the minds of the parties had never met on important terms of the transaction, namely, the *rate* of deliveries, there was no contract as a matter of law, and the trial court should not have submitted the issue to the jury.

Defendant, buyer, contends that after it had been told, on or about July 31, 1950, that no deliveries would be made at less than $3.75 a unit, the buyer was assured by a salesman for plaintiff, that upon payment, as billed, i.e., $3.75 a unit the price in excess of the claimed agreed price of $3.25 would be credited and the seller would continue thereafter to make shipments. After talking with the salesman, a representative of the buyer talked with the president of the seller, and the president of the seller told the buyer that the price must be at $3.75 per unit,

and the goods were delivered thereafter. One dealing with an agent is bound to inquire as to the extent of his authority and the burden of proof was on defendant to establish such authority; defendant failed to do so. In any event, it is undisputed that defendant failed to pay the $3.75 per unit and thereafter to ask for a credit of fifty cents per unit, as alleged in the amended answer. Defendant did not pay at all for the units here in issue; it did pay for other units not at issue herein at or about the time in question at $3.75 per unit; it had prepared checks for plaintiff covering the transactions herein totaling $28,639.20, but thereafter had cancelled such checks, and defendant's records of its account with plaintiff show a balance of that amount on this transaction as due to the plaintiff. On this record, defendant failed to perform the condition which its own answer alleges and to which its own witnesses testified.

In answer to an inquiry from the jury, it was stipulated that the number of units in question delivered after August 1, 1950, and claimed by defendant to be against the 25,000 unit transaction (i.e., this transaction) was 8,244 units and that there was an unpaid balance due to plaintiff for the merchandise delivered according to plaintiff's invoices of $28,676.04.

The jury found for the plaintiff in the sum of $24,554.04 based upon the stipulated total unpaid balance of $28,676.04 but the jury deducted fifty cents for each of the 8,244 units delivered, such deductions totaling $4,122.

The trial court stated that the verdict clearly indicated and " properly so " that the jury found that no contract was effected. In our opinion, as a matter of law, no binding contract at $3.25 per unit was effected and the Trial Judge should have granted plaintiff's motion for a directed verdict in the sum of $28,676.04 with interest from October 12, 1950.

The judgment so far as appealed from should be modified and judgment granted in plaintiff's favor for $28,676.04 with interest from October 12, 1950, with costs. Settle order.

Peck, P. J., Callahan, Van Voorhis and Bergan, JJ., concur.

Judgment unanimously modified insofar as to grant judgment in plaintiff's favor for $28,676.04, with interest from October 12, 1950 and, as so modified, affirmed, with costs to the appellant. Settle order on notice.