H. Roy Penzell, Respondent, v. John O. Ekblom, Appellant.

First Department, February 2, 1954.

*Theodore S. Jaffin* of counsel (*Jerome Handler* and *Herbert Feiler* with him on the brief; *Schur, Handler & Jaffin,* attorneys), for respondent.

*John Logan O'Donnell* of counsel (*Leo P. Arnaboldi, Jr.,* with him on the brief; *Olwine, Connelly & Chase,* attorneys), for appellant.

*Per Curiam.* Plaintiff, a member of a syndicate, sues defendant, the syndicate manager, for a suggested breach of fiduciary duty. There are two causes of action set forth in the complaint, but they differ principally in respect to the theory on which damages may be recovered.

The complaint alleges that members of the syndicate loaned money to a corporation and received corporate notes under a loan agreement which gave the noteholders an option to purchase stock of the corporation on advantageous terms and apply the notes against the purchase price of the stock. It is also alleged that defendant, as the representative of the syndicate,

was elected a director of the corporation. The basis of the complaint is that defendant learned of pending negotiations for consolidation of the corporation with another company and participated in the conduct and conclusion of the negotiations, resulting in a large increase in the value of the stock of the corporation and making it advantageous to the noteholders to exchange their notes for stock, but that defendant failed to advise plaintiff of the negotiations and prospects in advance of the time that the directors of the corporation regularly advised the stockholders thereof, and that as a result plaintiff, prior to learning of the proposed consolidation, surrendered his notes for cash, to his damage.

We think that this complaint is insufficient to state a cause of action. Neither by any alleged terms of the syndicate agreement nor otherwise is there spelled out any duty upon the part of defendant to give plaintiff advance information as to contemplated corporate action.

Defendant, as a director of the corporation, owed certain duties to the corporation and its stockholders, including the duty not to reveal negotiations prematurely and possibly imperil their coming to fruition. If plaintiff claims that he was entitled to some advice from defendant in advance of due communication from the directors generally to the stockholders generally, plaintiff must set forth the contract or relationship between the parties out of which such duty arose. The court may then perceive whether the alleged facts will support the legal claim made and whether defendant may be under a different and perhaps inconsistent duty to the members of the syndicate than he is under, as a director, to the corporation and the stockholders. We may not infer from the present statement of the facts that defendant was under any obligation to make special revelation to syndicate members.

There is no allegation in the complaint that plaintiff asked defendant for information on the subject of consolidation or that defendant prevailed on plaintiff to take cash for his stock, nor does plaintiff allege that defendant appropriated to himself any opportunity open to plaintiff.

The complaint should be dismissed, with leave to plaintiff to serve an amended complaint.

Peck, P. J., Callahan, Bastow, Botein and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the complaint dismissed, with leave to the plaintiff to serve an amended complaint.