OPINION OF THE COURT
Lewis L. Douglass, J.
This is a motion by the plaintiff to rescind a water bill on the grounds that the bill is excessive or in the alternative the plaintiff seeks an order in the nature of a writ of mandamus pursuant to CPLR article 78 directing defendants to hold a hearing to determine the accuracy of the water bill which is subject to this litigation.
Plaintiff’s position is that the bill must be the result of either a defective meter or a leak since the bills for the two years prior to the year in question were $307.65 and $156.98, whereas the current bill is for $5,828.Í6.
The city opposes this motion on the grounds that citizens are obligated to pay water bills based on the meter reading and thus there is no need for a hearing, and cites Pabst Brewing Co. v Oakley (115 App Div 215) and Healy v City of New York (90 App Div 170).
These cases merely establish a strong presumption in favor of the accuracy of bills based on water meter readings. Nothing in this case, however, relieves the city from acting in a fair and reasonable way when a citizen raises a good-faith contention that the bill seems excessive.
*240 The critical point is made in Emerson Plastronics v City of New York (82 Misc 2d 770). Citizens are charged for the water used; the meter is merely the device to measure that use. If the meter is defective or usage represents water that flowed through the meter because of a leak, there is no obligation to pay simply because of the number on the meter.
The city further argues that to grant a hearing would create a precedent wherein anyone unhappy with a water bill could request a hearing.
That may be a legitimate concern if this were a routine water bill. But here, the plaintiff alleges, and the city does not dispute or explain, an increase of more than 1000% involving over $5,000 more than this plaintiff ordinarily expected to pay for water.
Moreover, the plaintiff alleges the existence of a longhand notation on a letter from the Environmental Protection Agency stating “inspector’s report of 9/10/80 found underground leak.”
Reason and fairness would suggest that there be a careful examination of all the facts and circumstances before this plaintiff is required to pay a bill with an unexplained 1000% increase. It is hard to imagine a circumstance more arbitrary and capricious than to require payment of this bill without giving this plaintiff a hearing.
The defendants’ position in this case, which essentially becomes “pay and don’t ask questions” has no place in our form of government.
The defendants are accordingly directed to conduct an administrative hearing with opportunity to the plaintiff to present such evidence as he feels appropriate to determine the water bill involved in this matter.