OPINION OF THE COURT
 

 Bellacosa, J.
 

 The issue on this appeal by leave of this Court is whether a publicly traded corporation has a fiduciary duty to immediately disclose to its shareholders an agreement in principle for a corporate takeover by stock tender offer. The Appellate Division, reversing an order of Supreme Court which denied a motion to dismiss pursuant to CPLR 3211 (a) (7), dismissed the complaint for failure to state a cause of action. We now affirm.
 

 Between November 14, 1986 and November 26, 1986, Lindner, a public mutual fund, sold 49,500 shares of Waldbaum, Inc., a New York Stock Exchange publicly traded company, at a price that ranged between $24 and $26 per share. After the close of the market on November 26, 1986, the Great Atlantic & Pacific Tea Company, Inc. announced a plan to acquire Waldbaum’s outstanding shares at a tender price offer of $50 per share.
 

 
 *223
 
 Lindner’s complaint and theory of the case is that the defendants owed Lindner and other Waldbaum shareholders a duty of public disclosure once an agreement in principle on the acquisition had been reached. Lindner alleges that the failure to disclose the agreement before the market closed on November 26, 1986 caused it to lose $1,248,625 in potential profits on the sale of its Waldbaum shares at the tender offer price compared to the much lower market price at which it sold the shares prior to the public announcement.
 

 New York and Federal authorities do not support plaintiff-appellant Lindner’s assertion of an unqualified duty to disclose. On the contrary, it is well settled that a duty to disclose arises in only a limited set of circumstances and this case does not fit any of those situations.
 

 Certainly, corporate officers and directors have a fiduciary relationship with the shareholders of their corporation
 
 (Giblin v Murphy,
 
 73 NY2d 769). Thus, there are specific instances where a duty to disclose a major transaction of the kind involved in this case will spring into being. Three principal categories for such a disclosure duty have been recognized: (1) insider trading, (2) a statute or regulation requiring disclosure, or (3) inaccurate, incomplete, or misleading prior disclosures
 
 (Roeder v Alpha Indus.,
 
 814 F2d 22 [1st Cir];
 
 Glazer v Formica Corp.,
 
 964 F2d 149 [2d Cir];
 
 see also, Penzell v Ekblom,
 
 283 App Div 243,
 
 affd no opn
 
 308 NY 987).
 

 This prudently circumscribed approach to disclosure is put in useful context by the observation that merger negotiations
 

 " 'are inherently fluid and the eventual outcome is shrouded in uncertainty. Disclosure may in fact be more misleading than secrecy so far as investment decisions are concerned. * * * [Merger negotiations involve] complex bargaining between two (and often more) parties which may fail as well as succeed, or may succeed on terms which vary greatly from those under consideration at the suggested time of disclosure’ ”
 
 (Kronfeld v Trans World Airlines,
 
 832 F2d 726, 734 [2d Cir 1987],
 
 cert denied
 
 485 US 1007, quoting
 
 Reiss v Pan Am. World Airways,
 
 711 F2d 11, 14 [2d Cir 1983]).
 

 To be sure, the Second Circuit was examining materiality, not "a pure question of a duty to disclose”
 
 (id.,
 
 at 732), when it noted the authorities holding that "preliminary merger negotiations [are] immaterial as a matter of law”
 
 (Kronfeld v
 
 
 *224
 

 Trans World Airlines,
 
 832 F2d, at 732-734,
 
 supra).
 
 The
 
 Kronfeld
 
 analysis and rationale, however, provide insights for addressing the situation at hand where an agreement in principle was reached but not effectuated or actuated into a formally binding agreement as of the time appellant would require disclosure.
 

 Lindner acknowledges that none of the recognized qualifying circumstances for disclosure are present in the instant case and that it has no special circumstances of its own to offer. Instead, it urges that we adopt a new, across-the-board duty of disclosure triggered at that magic moment when the parties reach an "agreement in principle.” We are satisfied that Lindner’s generalized disclosure approach finds no support in Federal principles or New York substantive law, is not prudent and is likely to lead to uncertainty and inappropriate market risks and losses. Since the extant authorities also support the more limited view, the Appellate Division was correct to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]).
 

 Moreover, New York’s business judgment rule (Business Corporation Law § 715 [h]; § 717 [a]) adds some weight to our analysis and conclusion. That rule requires corporate officers to perform their duties "in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.” It provides a measure of protection to a corporation’s officers and directors when they act in the over-all best interests of all the shareholders and maintain the confidentiality of merger negotiations to avoid speculative or premature market fluctuations. The cautious approach also avoids uneven notice to sophisticated minute-by-minute market tape watchers, as compared to ordinary nonprofessional shareholders who may read their stock quotes in the following day’s newspapers, if at all. Thus, Atlantic & Pacific’s and Waldbaum’s decision to wait until the close of markets on November 26, 1986, when their negotiations were complete and the agreement was final, to publicly announce that a major new deal had been struck, falls within the business judgment rule, absent allegations or a showing of some countervailing misconduct or manipulation. There is none of that in the complaint at issue.
 

 Finally, the alleged failure of Waldbaum to file a "premerger notification” with the Federal Trade Commission (15 USC § 18a) is irrelevant to the issue before us. That regulatory
 
 *225
 
 filing is a confidential, nonpublic communication to a Federal securities watchdog entity. It should in no way be converted into a general fiduciary duty of public disclosure — a contradiction in terms. Moreover, the violation of that statutory confidentiality could, in itself, constitute a breach of a fiduciary obligation because disclosure in such circumstances may be susceptible to and generate the kind of manipulation or speculation that the confidentiality rules and business judgment principles are designed to preclude or at least retard.
 

 Accordingly, plaintiffs complaint and theory were rightly rejected by the Appellate Division, and the order of that Court reversing and dismissing the complaint should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Smith and Levine concur.
 

 Order affirmed, with costs.