■ JAMES R. TURNER III, Appellant, v IRVING FINKELSTEIN & MEIROWITZ, LLP, Respondent. [879 NYS2d 145]—

In an action to recover damages, inter alia, for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated September 18, 2007, which granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was assaulted by a coworker at his place of employment in 1997. The defendant law firm represented the plaintiff in the ensuing claim before the Workers' Compensation Board (hereinafter the Board). The claim was disallowed, the Board affirmed that decision, and full Board review was denied. No later than May 2002, the defendant informed the plaintiff that its representation was complete. It also advised him of his right to appeal the Board's decision to the Appellate Division, and referred him to an attorney who might have been able to represent him on the appeal. The plaintiff, pro se, unsuccessfully pursued an appeal of the denial of his Workers' Compensation claim to the Appellate Division.

In November 2006, the plaintiff, pro se, commenced the

instant action, alleging that after he was denied full Board review, the defendant failed to advise him of "any other legal remedies" relating to the workplace incident. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), contending, inter alia, that it had a complete defense founded on documentary evidence and that the complaint sounded in legal malpractice and was barred by the statute of limitations. In opposition, the plaintiff asserted that he suffered from a mental illness for which he had been hospitalized several times and, thus, he was entitled to a tolling of the statute of limitations pursuant to CPLR 208. The Supreme Court rejected the plaintiff's claim because the medical records he relied on were not in admissible form and, finding that the "gravamen of the lawsuit is one of legal malpractice," dismissed the complaint as time-barred. Although the evidentiary facts alleged by the plaintiff reveal the existence of an issue of fact as to applicability of the insanity toll, we nevertheless affirm on other grounds.

Pursuant to CPLR 3211 (a) (1) dismissal is warranted if documentary evidence conclusively establishes a defense as a matter of law (*see Beal Sav. Bank v Sommer,* 8 NY3d 318, 324 [2007]; *Goldman v Metropolitan Life Ins. Co.,* 5 NY3d 561, 571 [2005]; *Held v Kaufman,* 91 NY2d 425, 430-431 [1998]). Here, the defendant submitted the parties' retainer agreement, which clearly stated that its representation was limited to the proceeding before the Board.

Furthermore, to the extent that the plaintiff's complaint may be construed to assert causes of action alleging breach of contract, negligence, or fraud, the Supreme Court properly, in effect, dismissed those causes of action as duplicative of the legal malpractice cause of action (*see Kvetnaya v Tylo,* 49 AD3d 608, 609 [2008]; *Katz v Herzfeld & Rubin, P.C.,* 48 AD3d 640, 641 [2008]; *Wright v Meyers & Spencer, LLP,* 46 AD3d 805, 805-806 [2007]; *Town of Wallkill v Rosenstein,* 40 AD3d 972, 974 [2007]; *Cummings v Donovan,* 36 AD3d 648, 649 [2007]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.