■ SITE FIVE HOUSING DEVELOPMENT FUND CORPORATION, Respondent, v ESTATE OF ELDON BULLOCK, Defendant, and NASSER ABDO ALOMARI, Appellant. [977 NYS2d 209]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 18, 2013, which, insofar as appealed from as limited by the briefs, awarded plaintiff damages as against defendant Nasser Abdo Alomari, declared a December 2001 amendment to a store lease null and void, and awarded plaintiff possession of premises located at 829 Tenth Avenue, unanimously affirmed, without costs.

Alomari failed to prove that former defendant Eldon Bullock (plaintiff's president) had authority as plaintiff's agent to enter into the December 2001 amendment (see Sponge Rubber Prods. Co. v Purofied Down Prods. Corp., 281 App Div 380, 382 [1st Dept 1953], affd 306 NY 776 [1954]). It is undisputed that Bullock did not have express actual authority to enter into the amendment. Nor did he have implied actual authority, since there is no credible evidence in the record that plaintiff performed verbal or other acts that gave Bullock the reasonable impression that he had authority to enter into the amendment (see Greene v Hellman, 51 NY2d 197, 204 [1980]).

Alomari relies on Riverside Research Inst. v KMGA, Inc. (108 AD2d 365, 370 [1st Dept 1985], affd 68 NY2d 689 [1986]) for the proposition that "an agency may be implied from the parties' words and conduct as construed in light of the surrounding circumstances." However, he fails to identify any words, conduct or circumstances from which an agency could be implied here. Moreover, although in the circumstances in Riverside the parties' words and conduct permitted an inference of agency, the case stands for the proposition that where an agent exceeds its authority, so that its principal is not bound, the agent is liable for any damage to the third party.

As for apparent authority, there is no credible evidence that plaintiff said anything to Alomari or did anything that would cause Alomari to believe that Bullock had authority to enter into the amendment (see Hallock v State of New York, 64 NY2d 224, 231 [1984]).

Alomari contends that plaintiff ratified the amendment because it did not seek to set it aside until September 2007. However, plaintiff did not know about the amendment until months after May 2006.

Alomari argues that plaintiff's sole remedy for nonpayment of rent was to commence a summary nonpayment proceeding in Civil Court after service of a statutory rent demand. However,

article 17 (2) of Alomari's February 1996 lease with plaintiff provides that, upon Alomari's default in payment of rent, plaintiff "may *without notice* . . . dispossess [Alomari] by summary proceedings *or otherwise*" (emphasis added).

Alomari contends that plaintiff is not entitled to a judgment of possession because it failed to plead a cause of action for ejectment. However, plaintiff's prayer for relief requested "judgment dispossessing Alomari . . . as the tenant of the Deli Premises."

Alomari argues that equity abhors the forfeiture of a lease. However, one who seeks equity must do equity and must come with clean hands (*see* 55 NY Jur 2d, Equity §§ 93-112), and Alomari does not satisfy these criteria.

Alomari contends that, by accepting payments that were less than the amounts specified in the lease, plaintiff ratified his actual payments. In light of article 24 of the lease, this argument is without merit (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 445-446 [1984]).

Relying on Administrative Code of City of NY § 24-335, *Pabst Brewing Co. v Oakley* (115 App Div 215 [1st Dept 1906]) and *Healy v City of New York* (90 App Div 170 [1st Dept 1904]), Alomari argues that the portion of the damages award that compensates for water charges cannot stand because it was not based on actual meter readings. The authorities cited by Alomari all deal with charges imposed by the City on landowners; they do not involve disputes between landlords and tenants over water charges. In any event, "[a] person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain" (*Wakeman v Wheeler & Wilson Mfg. Co.*, 101 NY 205, 209 [1886]). The reason that there are no actual meter readings is that Alomari, in violation of his lease, failed to install a water meter for his deli.

We have considered Alomari's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.