(May 11, 2016)

■ Thomas E. Anderson, Respondent, v William V. Armentano, Esq., Defendant, and Grey & Grey, LLP, Appellant. [33 NYS3d 294]—

In an action to recover damages for legal malpractice, the defendant Grey & Grey, LLP, appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated January 16, 2015, which denied its motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On September 17, 2010, the plaintiff allegedly was injured when he fell into a trench at the Hicksville Parking Facility, which was owned by the Town of Oyster Bay, while performing

construction work for his employer. After the incident, the plaintiff sought legal representation from the defendant Grey and Grey, LLP (hereinafter G&G), and another attorney with respect to potential claims arising from the accident. On November 17, 2010, G&G and the plaintiff executed a New York State Workers' Compensation Board "Notice of Retainer and Appearance-Additional Attorney," which indicated that G&G had been retained to represent the plaintiff "in all proceedings concerning my claim."

Neither G&G nor the other attorney filed a timely notice of claim against the Town. Although the plaintiff commenced a proceeding for leave to file a late notice of claim against the Town which the Supreme Court granted, this Court reversed the order granting the petition and dismissed the proceeding (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708 [2012]).

The plaintiff then commenced this action to recover damages for legal malpractice against G&G and the other attorney. Prior to answering, G&G moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it on the basis that documentary evidence established that it had been engaged by the plaintiff only with respect to his Workers' Compensation claim. The Supreme Court denied G&G's motion. G&G appeals.

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "A motion to dismiss a complaint based on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Held v Kaufman*, 91 NY2d 425, 430-431 [1998]; *Parekh v Cain*, 96 AD3d 812, 815 [2012]; *Sato Constr. Co., Inc. v 17 & 24 Corp.*, 92 AD3d 934, 935-936 [2012]).

"The evidence submitted in support of a [CPLR 3211 (a) (1)] motion must be 'documentary' or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012], quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010]; *see Attias v Costiera*, 120 AD3d 1281, 1282 [2014]; *Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 925 [2014]). To qualify

as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d at 86; *see Flushing Sav. Bank, FSB v Siunykalimi*, 94 AD3d 807, 808 [2012]; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d at 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22 [2005 ed]; *see Datena v JP Morgan Chase Bank*, 73 AD3d 683, 685 [2010]). Affidavits and letters "were not the types of documents contemplated by the Legislature when it enacted this provision" (*Fontanetta v John Doe 1*, 73 AD3d at 85; *see Eisner v Cusumano Constr., Inc.*, 132 AD3d 940, 942 [2015]; *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997).

Here, the letters sent by G&G to the plaintiff, submitted by G&G on its motion, did not constitute documentary evidence for the purpose of a motion pursuant to CPLR 3211 (a) (1) (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d 790, 792 [2015]; *Attias v Costiera*, 120 AD3d at 1283; *Pasquaretto v Long Is. Univ.*, 106 AD3d 794, 795 [2013]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1017 [2012]). Similarly, the affirmation of one of G&G's members was not documentary evidence for the purpose of this motion (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d at 792; *Summer v Severance*, 85 AD3d 1011, 1012 [2011]).

Moreover, the documentary evidence which was submitted by G&G, the Workers' Compensation Board Notice of Retainer and Appearance-Additional Attorney, did not utterly refute the plaintiff's allegations, as augmented by his affidavit submitted in opposition to G&G's motion, that G&G's representation of him was not limited to his Workers' Compensation claim (*see Town of Huntington v Long Is. Power Auth.*, 130 AD3d 1013, 1015 [2015]; *Board of Educ. of Northport-E. Northport Union Free Sch. Dist. v Long Is. Power Auth.*, 130 AD3d 953, 956 [2015]; *Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d at 791; *cf. Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849, 850 [2009]). This Court's decision in *Turner v Irving Finkelstein & Meirowitz, LLP* (61 AD3d at 850), upon which G&G relies, is distinguishable from the

instant case, since in *Turner*, the plaintiff did not submit evidence to rebut the defendant law firm's documentary evidence establishing that it had only been retained to represent the plaintiff on an appeal before the Workers' Compensation Board.

Accordingly, the Supreme Court properly denied G&G's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.