Kalaj v 21 Fountain Place, LLC (2019 NY Slip Op 00862)





Kalaj v 21 Fountain Place, LLC


2019 NY Slip Op 00862


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-05456
 (Index No. 60418/15)

[*1]Gjon Kalaj, appellant,
v
21 Fountain Place, LLC, et al., respondents.


Gunilla Perez-Faringer, White Plains, NY, for appellant.
Montgomery McCracken Walker & Rhoads LLP, New York, NY (Matthew A. Bondy of counsel), for respondents.



DECISION & ORDER
In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 21, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff, a licensed real estate broker, commenced this action to recover a commission pursuant to the terms of an oral brokerage agreement, alleging that he procured a buyer who was ready, willing, and able to purchase the defendants' property upon terms agreeable to the defendants. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that they had a defense based upon documentary evidence (see CPLR 3211[a][1]) and that the complaint failed to state a cause of action (see CPLR 3211[a][7]). The Supreme Court granted the motion, and the plaintiff appeals.
"A motion to dismiss a complaint based upon documentary evidence may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Anderson v Armentano, 139 AD3d 769, 770 [internal quotation marks omitted]). "The evidence submitted in support of such motion must be documentary' or the motion must be denied" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714, quoting Fontanetta v John Doe 1, 73 AD3d 78, 84).
Contrary to the defendants' contention, various emails and text messages between the plaintiff and the defendant David Roth, as well as an affirmed statement of the prospective buyer, were not documentary evidence, and thus should not have been considered pursuant to CPLR 3211(a)(1) (see Anderson v Armentano, 139 AD3d at 771; Eisner v Cusamano Constr., Inc.,, 132 AD3d 940, 942; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997; Fontanetta v John Doe 1, 73 AD3d at 84-85; Cives Corp. v George A. Fuller Co., Inc., 47 AD3d at 714).
The defendants also submitted a letter of intent, dated April 24, 2015, from the prospective buyer to the defendants, and argued that the fact that the letter of intent left certain terms [*2]of the proposed sale, such as the closing date, to be determined later demonstrated conclusively that the defendants and the prospective buyer had never reached a meeting of the minds. However, while a letter of intent can, in the appropriate case, constitute documentary evidence for the purposes of CPLR 3211(a)(1) (see e.g. New York Military Academy v NewOpen Group, 142 AD3d 489), under the circumstances presented here, the nonbinding nature of the letter of intent does not, in and of itself, utterly refute the plaintiff's allegations that a meeting of the minds on the essential terms of the transaction occurred at some point between the defendants and the prospective purchaser, either within or outside the bounds of the letter of intent (compare Realty Invs. of USA v Bhaidaswala, 254 AD2d 603 with Pinnacle Realty of N.Y., LLC v 255 Butler, LLC, 125 AD3d 952). Thus, the defendants failed to establish that the complaint should be dismissed pursuant to CPLR 3211(a)(1).
The defendants also failed to establish their entitlement to dismissal pursuant to CPLR 3211(a)(7). A court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see Sokol v Leader, 74 AD3d 1180, 1181) and, in that case, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832).
Here, the evidentiary material submitted by both sides reveals, among other things, a fundamental dispute about the terms of the oral brokerage agreement. While the plaintiff alleges that the defendants promised to pay him a commission of 4% if he could procure a purchaser willing to pay more than $12,000,000 in cash, with no financing contingency, the defendants contend that the length of the due diligence period and the proposed time to closing were also material considerations in determining whether to sell the subject property or instead move forward with a proposed refinancing. Since the parties are free to set the terms under which the broker will be deemed to have earned his or her commission (see e.g. Rusciano Realty Servs. v Griffler, 62 NY2d 696, 697), we cannot conclude, as a matter of law, that the plaintiff has failed to state a cause of action.
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the plaintiff's remaining contentions.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court