Qureshi v Vital Transp., Inc. (2019 NY Slip Op 04972)





Qureshi v Vital Transp., Inc.


2019 NY Slip Op 04972


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-11035
 (Index No. 710821/15)

[*1]Tahir I. Qureshi, et al., respondents,
v
Vital Transportation, Inc., et al., appellants.


Schlam Stone & Dolan, LLP, New York, NY (Jonathan Mazer and Samuel L. Butt of counsel), for appellants.
Raymond J. Aab, New York, NY (Christopher Lynn of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent misrepresentation and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated August 8, 2016. The order, insofar as appealed from, in effect, denied those branches of the defendants' motion which were (1) pursuant to CPLR 3211(a)(1) and (7) to dismiss the first and sixth causes of action, (2) pursuant to CPLR 7503(a) and 2201 to compel arbitration of the plaintiffs' third, fourth, and seventh causes of action and to stay those causes of action pending arbitration, and (3) for attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In an amended complaint, the plaintiffs alleged, inter alia, that they entered into purchase and proprietary license agreements with Vital Transportation, Inc. (hereinafter Vital), relating to Vital's "black car" taxi radio and dispatch services, and pursuant to such agreements, they were shareholders of Vital. In the first cause of action, the plaintiffs, inter alia, asserted that at the time they entered into the purchase and proprietary license agreements, Vital's principals, and agents, including the defendant Berj Haroutunian, fraudulently misrepresented that the plaintiffs' investment was secured by real estate owned by Vital. In the sixth cause of action, the plaintiffs, inter alia, alleged that the defendants breached their fiduciary duty to the plaintiffs pursuant Business Corporation Law § 717 when they placed that real estate "out of the reach of the plaintiffs."
The defendants moved, inter alia, (1) pursuant to CPLR 3211(a)(1) and (7) to dismiss the first and sixth causes of action, (2) pursuant to CPLR 7503(a) and 2201 to compel arbitration of the third (accounting), fourth (tortious interference with contract and intentional infliction of emotional distress), and seventh (breach of contract/tortious interference) causes of action and to stay those causes of action pending arbitration, and (3) for attorneys' fees. The Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
A defendant may move to dismiss one or more causes of action, inter alia, on the ground that a defense is founded upon documentary evidence (CPLR 3211[a][1]) or the pleading fails to state a cause of action (CPLR 3211[a][7]). On a motion to dismiss pursuant to CPLR 3211(a), the pleading must be afforded a liberal construction and the court must "accept the facts as [*2]alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Goshen v Mutual Life Ins. Co. of N. Y., 98 NY2d 314, 326). A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211 (a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88; Elite Laser Hair, Inc. v Perfect Body Image, LLC, 167 AD3d 718, 718-719). "[T]o be considered documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Hartnagel v FTW Contr., 147 AD3d 819, 820; Anderson v Armentano, 139 AD3d 769, 770-771).
"To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Bernardi v Spyratos, 79 AD3d 684, 687; see Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778; Blanco v Polanco, 116 AD3d 892, 895; see also Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Where a cause of action is based upon fraud, the circumstances constituting the alleged wrong must be stated in detail (see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Matter of Pesola Trust, etc., 166 AD3d 885, 887). However, the pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492; Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d 605, 608).
Here, assuming the facts alleged to be true and according the plaintiffs the benefit of every favorable inference (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88), the plaintiffs set forth a cognizable cause of action to recover damages for fraudulent misrepresentation, and stated in sufficient detail the facts constituting the alleged wrong (see Hiu Ian Cheng v Salguero, 164 AD3d 768, 770; Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d at 608). While the defendants also moved to dismiss the first cause of action on the ground that it was barred by documentary evidence, the attorney affirmation they submitted was insufficient to establish an evidentiary basis for consideration of at least some of the submitted materials (see Onewest Bank, FSB v Michel, 143 AD3d 869, 871; US Nat. Bank Assn. v Melton, 90 AD3d 742, 743). While additional materials were submitted together with a client affidavit on reply, that evidence was improperly submitted for the first time with the defendants' reply papers (see Levy v Smith, 132 AD3d 961, 963; Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co., 105 AD3d 709, 710). In any event, the documentary evidence did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense to the plaintiffs' first cause of action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was to dismiss the first cause of action.
"[C]orporate officers and directors have a fiduciary relationship with the shareholders of their corporation" (Lindner Fund, Inc. v Waldbaum, Inc., 82 NY2d 219, 223; see Giblin v Murphy, 73 NY2d 769, 771). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; see Parekh v Cain, 96 AD3d 812, 816; Kurtzman v Bergstol, 40 AD3d 588, 590). A cause of action to recover damages for breach of fiduciary duty must be pleaded with the particularity required under CPLR 3016(b) (see Parekh v Cain, 96 AD3d at 816; Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 808; Winston Chiu v Man Choi Chiu, 71 AD3d 621, 623).
Here, assuming the facts alleged to be true and according the plaintiffs the benefit of every favorable inference (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88), we find that the plaintiffs set forth a cognizable cause of action to recover damages for breach of fiduciary duty, and stated in sufficient detail the facts constituting the [*3]alleged wrong. Contrary to the defendants' contention, the complaint sufficiently alleged a fiduciary relationship (see Business Corporation Law § 717[a]). Moreover, the claimed documentary evidence submitted by the defendants, even if given consideration, did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense to the sixth cause of action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was to dismiss the sixth cause of action.
"A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' clear, explicit and unequivocal' agreement to arbitrate"
(God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374, quoting Matter of Waldron, 61 NY2d 181, 183; see Matter of Fiveco, Inc. v Haber, 11 NY3d 140, 144; Giffone v Berlerro Group, LLC, 163 AD3d 780, 780). Here, the defendants failed to establish the existence of a valid agreement to arbitrate that expressly and unequivocally encompassed the subject matter of the third, fourth, and seventh causes of action. Moreover, the defendants failed to establish their entitlement to attorneys' fees. Accordingly, we agree with the Supreme Court's denial of those branches of the defendants' motion which were pursuant to CPLR 7503(a) and 2201 to compel arbitration of the third, fourth, and seventh causes of action and to stay those causes of action pending arbitration, and for attorneys' fees.
The plaintiffs' contention that the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the second cause of action is not properly before this Court, as the plaintiffs did not cross-appeal from the order appealed from (see Hecht v City of New York, 60 NY2d 57, 61; Mutual of White Plains Plaza Realty, LLC v Cappelli Enterprises, Inc., 108 AD3d 634, 638; Magel v John T. Mather Mem. Hosp., 95 AD3d 1081, 1083).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court