## Westwood Funding v Dominic Produce, LLC

2025 NY Slip Op 32400(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 512987/2022

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an I.A.S. Trial Term, Part __84__ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York, on the ____7th____ day of July, 20 25.

PRESENT:   HON. CAROLYN E. WADE, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------X

WESTWOOD FUNDING,

                              Plaintiff,

                -against-

DOMINIC PRODUCE, LLC,
HG FACIALIST CO.,
CARIBBEAN HARVEST INC.,
FELIX GULLEN DARIO GARCIA SANDOVAL, and
SOLANYI GARCIA DE GARCIA,

                              Defendants.

------------------------------------------------------------X

**Index #: 512987/2022**


**DECISION AND ORDER**
**MOTION SEQ. 4**

Plaintiff WESTWOOD FUNDING's (hereinafter "Plaintiff") Motion to Dismiss Defendant HG FACIALIST CO.'s (hereinafter "HGF") Counterclaims, Motion Seq. 4 (NYSCEF Doc. Nos. 56–62), seeks an Order pursuant to New York Civil Procedure Law ("CPLR") § 3211(a)(1) and (a)(7) granting Plaintiff dismissal of HGF's Counterclaims against Plaintiff.

**STATEMENT OF FACTS**

On February 28, 2022, Plaintiff entered into a loan agreement with DOMINIC PRODUCE LLC ("Merchant"); Merchant agreed to biweekly payments of $2,457.00 to Plaintiff for an upfront $55,000.00 loan from Plaintiff (with a specified interest of 15%, totaling

1

[*1]

$73,700.00) (*see* NYSCEF Doc. No. 1, "Compl.," ¶ 7; NYSCEF Doc. No. 2, "Agreement"). HGF and CARIBBEAN HARVEST INC. (collectively "Guarantors") are represented as Guarantors of said Agreement (*see* Agreement). FELIX GARCIA and SOLANYI GARCIA signed the Agreement on behalf of Merchant; FELIX GARCIA, alone, signed the Agreement on behalf of Guarantors (*id.*).

Plaintiff alleges Merchant defaulted and has not made payments since April 11, 2022 (Compl. ¶¶ 9, 11). Plaintiff seeks Merchant's remaining balance of $66,558.00, including the statutory rate of interest from April 11, 2022, through any entry date of judgment (Compl. ¶¶ 11–13). HGF's Answer raises issues of FELIX GARCIA's authority to bind HGF as a Guarantor to the Agreement (*see* NYSCEF Doc. No. 46, "Answer"). HGF alleges two counterclaims for (1) negligent underwriting and (2) monies levied in the amount of $26,676.10 (Answer ¶¶ 17–20).

## ANALYSIS

Plaintiff's Motion to Dismiss HGF's Counterclaims, Motion Seq. 4 (NYSCEF Doc. Nos. 56–62), asserts that (1) both counterclaims must be dismissed because they are meritless based on indisputable documentary evidence and (2) the first counterclaim must be dismissed because HGF has failed to state a claim for negligence.

Upon a reading of the foregoing papers, and all other papers and proceedings in this action, and after oral argument, Motion Seq. 4 is decided as follows:

First, under CPLR § 3211(a)(1), the evidence submitted must be "documentary" (*Anderson v. Armentano*, 139 AD3d 769, 770–71 [2d Dept 2016] (collecting cases)), which includes "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*Fontanetta v. Doe*, 73 AD3d 78, 84–85 [2d Dept 2010] (internal quotation marks

omitted)). Documentary evidence does not include affidavits, deposition testimony, or letters (*Rodolico v. Rubin & Licatesi, P.C.*, 114 AD3d 923, 925 [2d Dept 2014] (collecting cases)). Moreover, such materials must conclusively refute the alleged claims to sufficiently invoke CPLR § 3211(a)(1) (*Goshen v. Mut. Life Ins. Co.*, 98 NY2d 314, 328 [2002] (citing *Leon v. Martinez*, 84 NY2d 83, 88 [1994]); *cf. Flushing Sav. Bank v. Siunykalimi*, 94 AD3d 807, 808–09 [2d Dept 2012] (dismissal denied since copies of checks and bank statements did not conclusively refute loan default)).

Turning to CPLR § 3211(a)(7), the Court must consider the facts of the counterclaims as true and ascertain whether they fit into any cognizable legal theory (*see Mathurin v. Lost & Found Recovery, LLC*, 19 Misc 3d 756, 758, 2008 NY Slip Op 28108 [Sup Ct, Kings County 2008] (citing *Dye v. Catholic Med. Ctr. of Brooklyn & Queens*, 273 AD2d 193 [2d Dept 2000]); *see also Guggenheimer v. Ginzburg*, 43 NY2d 268, 275 [1977]). A creditor does not have a duty to determine an agent's actual authority, and it is at the principal's risk should the creditor rely on an agent's sufficient apparent authority (*see Goldston v. Bandwidth Tech. Corp.*, 52 AD3d 360, 363 [1st Dept 2008] (quoting *Geotel, Inc. v. Wallace*, 162 AD2d 166, 168 [1st Dept 1990], *lv dismissed, lv denied* 76 NY2d 917 [1990])). Yet, "[o]ne who deals with an agent does so at his peril, and must make the necessary effort to discover the actual scope of authority," meaning whether apparent authority exists (*Ford v. Unity Hosp.*, 32 NY2d 464, 472 [1973] (citing *Sponge Rubber Prods. Co. v. Purofied Down Prods. Corp.*, 281 AD 380 [1st Dept 1953], *affd* 306 NY 776 [1954])). Apparent authority arises from the principal's words or actions, which give the reasonable appearance of authority (*Lisi v. New York Ctr. for Rehab. & Nursing*, 225 AD3d 590, 591–92 [2d Dept 2024] (quoting *Hallock v. New York*, 64 NY2d 224, 231 [1984])). An agent's own words or actions do not cloak said agent in apparent authority; these communications must

3

come from the principal (*id.*; *Sherrod v. Mount Sinai St. Luke's*, 204 AD3d 1053, 1058–59 [2d Dept 2022]).

In the instant matter, Plaintiff submitted HGF's public corporation records from 2018 to 2023 (NYSCEF Doc. No. 21), with several letters and a copy of a cashier's check (NYSCEF Doc. No. 59). Under CPLR § 3211(a)(1), the letters are not documentary evidence (*see Rodolico*, 114 AD3d at 925; *Anderson*, 139 AD3d at 771; NYSCEF Doc. No. 59). While copies of checks can be documentary (*see Flushing Sav. Bank*, 94 AD3d at 808–09; NYSCEF Doc. No. 59), Plaintiff's cashier's check copy does not conclusively refute HGF's counterclaims of injury and levied monies. The copy provided lists SOLANYI GARCIA as a "Customer" for the account ending in "8606" (NYSCEF Doc. No. 59). No other information is provided as to the type of account, whether "Customer" is synonymous with account holder, and whether potential other account holders exist (*see id.*). Thus, it is not essentially undeniable that an injury occurred, or that monies were levied from an account owned or operated by HGF.

Under CPLR § 3211(a)(7), Plaintiff has not sufficiently demonstrated that FELIX GARCIA had the apparent authority, on behalf of HGF, to sign the Agreement. In fact, Defendant has plausibly pleaded that FELIX GARCIA lacked apparent authority to enter into said Agreement with Plaintiff. The Court can generally take judicial notice of matters of public record (*see Headley v. New York City Transit Auth.*, 100 AD3d 700, 701 [2d Dept 2012] (collecting cases)), such as HGF's corporation records (NYSCEF Doc. No. 21). However, Plaintiff's submission of these records approximately one year after the Agreement's signing is not indicative of what communications HGF made to Plaintiff on or about February 28, 2022—the date the parties entered into the Agreement—regarding FELIX GARCIA's apparent authority

(*see ER Holdings, LLC v. 122 W.P.R. Corp.*, 65 AD3d 1275, 1277 [2d Dept 2009] (summary judgment denied since third party failed to identify principal's words or acts)).

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss is **DENIED**.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Honorable Carolyn E. Wade, J.S.C.

HON. CAROLYN E. WADE
JUSTICE OF THE SUPREME COURT